[No. 8,350. In Bank.—May 10, 1884.]

## B. BONNET, RESPONDENT, *v.* THE CITY AND COUNTY OF SAN FRANCISCO, APPELLANT.

STREET IMPROVEMENTS, LIABILITY OF CITY FOR REPAIRING SIDEWALKS.—When a street has been accepted by the board of supervisors of the city and county of San Francisco, the expense of constructing and repairing the sidewalks must be paid by the city and county.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*William Craig*, for Appellant.

*C. H. Parker*, and *D. H. Whittemore*, for Respondent.

MYRICK, J. — The plaintiff had a contract for the construction of asphaltum sidewalks on Montgomery Street, between Jackson and Pacific Streets, in the city and county of San Francisco.

On streets not accepted the expense of constructing and repairing sidewalks is to be borne by property owners; on accepted streets the expense is to be borne by the city and county. Before the commencement of the proceedings resulting in the contract with plaintiff, the portion of Montgomery Street above specified had been accepted.

The argument of appellant's counsel is that when the statute of the State, and the ordinance of the board of supervisors, speak of "street" they mean "roadway." Section 21 of the Act of 1866 (Stats. 1865–66, p. 550) reads: "When any street or portion of a street has been or shall hereafter be constructed to the satisfaction of the committee on streets, etc., of the board of supervisors, and of the superintendent of public streets, etc., and shall have a brick sewer constructed therein under such regulations as the said board shall adopt, the same shall be accepted by the board of supervisors, and shall thereafter be improved by the city, etc. . . . . Provided, that the board of supervisors shall not accept of any portion of the street less than the entire width of the roadway, including the curbing and one block in length, or one entire crossing." To hold that the word "street" in the body of the section means "roadway" would make the *proviso* meaningless. When it is said that the board, upon certain conditions, may accept a street, but shall not accept any portion of it less than the entire width of the roadway, it is very plain that the street it is authorized to accept may be wider than the roadway; in other words, that it may include the sidewalks. And we see nothing in the ordinance in question manifesting the intention to limit the acceptance of the street in question to the width of the roadway.

Judgment and order affirmed.

MORRISON, C. J., SHARPSTEIN, J., and ROSS, J., concurred.