[No. 8718. Department One.—June 23, 1885.]

# N. MARINI, RESPONDENT, v. ROBERT GRAHAM, SUPERINTENDENT OF PUBLIC STREETS, ETC., APPELLANT.

PUBLIC NUISANCE— OBSTRUCTING SIDEWALK— STREET.—The sidewalks of a public street of a city are parts of the street, and the obstruction thereof is a public nuisance.

ID.—ABATEMENT OF NUISANCE—ACTION BY INDIVIDUAL—SPECIAL DAMAGE.—A private individual cannot maintain an action to abate such a nuisance when the injury which he suffers is the same in kind as that sustained by the public, although it may be greater in degree.

ID.—LEGALIZED OBSTRUCTION.—A legalized obstruction in the sidewalks of a street is not a nuisance.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*John T. Humphreys, W. C. Burnett,* and *Isaac G. Burnett,* for Appellant.

The respondent has no special interest giving him a right to the writ of mandate. He is not the party beneficially interested, nor has he any right, not common to all the people of the State, from the enjoyment of which he is precluded by the appellant. His only injury is an inconvenience, greater in degree, but not different in kind from that sustained by the public. (Code Civ. Proc. §§ 367, 1085, 1086; Wood on Nuisance, 655; *Hopkins* v. *W. P. R. R. Co.* 50 Cal. 194; *Bigley* v. *Nunan,* 53 Cal. 403; *Payne* v. *McKinley,* 54 Cal. 532; Moses on Mandamus, 194.)

*A. D. Splivalo,* and *William H. Mott,* for Respondent.

McKEE, J.—This is an application for a writ of mandate.

It appears from the record in the case that section 7 of order No. 1588, of the general orders of the board of supervisors of of the city and county of San Francisco, provides:—

"No person owning or having the control of any building, shall maintain any approach or entrance thereto from the sidewalk except in accordance with the following provision:—

"1. No entrance which shall be a descent from the sidewalk shall occupy more than three tenths of the width of the sidewalk nor more than four feet thereof. . . . .

"2. No approach to a building which shall be an ascent from the sidewalk shall occupy more than three tenths of the width of the sidewalk nor more than four feet thereof, nor be more than five feet in height, and shall be protected by ballusters and railings, built to the satisfaction of the superintendent of public streets, highways, and squares."

Dupont Street, between Union and Filbert streets, in said city and county, has a sidewalk ten feet wide. Ascending from the sidewalk to a building, Nos. 1505 and 1507, fronting on the street, there is an approach and entrance consisting of a flight of steps seven feet and eight inches high, which occupies three feet and five inches of the sidewalk. This approach having been, as alleged, maintained by the owner of the building in violation of the ordinance, demand was made upon the superintendent of public streets and highways of the city and county to "cause and compel the said approach to be maintained and constructed in accordance with the provisions of the ordinance." This he refused to do; and, it is alleged, "his refusals have annoyed and greatly injured the petitioner," who is the owner of adjacent buildings on the same street, "and other property owners in the neighborhood." For that reason, and "because the matters involved are of public and general interest to the people of the said county, and more particularly to your affiant, who is beneficially interested herein," and "because the maintenance and continuance of the approach heretofore complained of, and in violation of law, will work serious mischief and irreparable injury to affiant," he asks for a peremptory writ of mandate to compel the superintendent to remove the illegal entrance, as a duty especially enjoined upon him by law.

Upon the issuance of an alternative writ the superintendent appeared and demurred to the sufficiency of the petition, and answered that the petitioner was not entitled to the writ, because there was a plain, speedy, and adequate remedy for the removal of the objectionable entrance, provided by the ordinance itself and by the general law; and because the entrance had been legalized and suffered to continue by resolution and order No. 15814 of the board of supervisors, passed July 18, 1882, etc.

The court held that the return was insufficient, and that the petitioner was the party beneficially interested and entitled to a peremptory writ. In this there was legal error.

The sidewalks of a public street of a city are parts of the street. Any obstruction of the sidewalk is therefore an obstruction of the street and a nuisance; but it is a public nuisance, because it interferes with the free use of the street by the traveling public in general, and not merely some particular person; it is therefore an offense against the public, which is remediable by the public only, and not actionable, except where an individual has suffered some special damage beyond what is common to himself with the rest of the public.

In modern practice mandamus is regarded as an action by the party who applies for it, under the provisions of the Code, to enforce a private right when the law affords him no other adequate remedy. In his application he must show that he is the party beneficially interested in the right asserted, and that there is a corresponding obligation on the part of the officer to do the act required of him. If the private right, on the one hand, or the obligation, on the other, be doubtful, the court will not interfere. (*Arberry* v. *Beavers*, 6 Tex. 457; 55 Am. Dec. 791; *State* v. *Commons. etc.* 11 Kan. 69.) Assuming, therefore, that the obstruction of the sidewalk is a nuisance, and that the law imposed upon the superintendent of streets the obligation to abate or remove it, we think the petitioner is not entitled to mandamus for that purpose, because, upon the facts stated in his petition, he does not present a case within the exception to the rule, that a private action cannot be maintained for a public injury.

The facts upon which he relies as the basis of his action to enforce an alleged private right in himself, affirmatively show

that the obstruction in the sidewalk, of which he complains, is not more injurious to him than it is to the inhabitants at large. Any injury or annoyance which he suffered from it may be greater in degree, but it is not different in kind from that sustained by the public; therefore, he receives from it no special injury for which he is entitled in law to a private action (*Hopkins* v. *Western Pac. R. R. Co.* 50 Cal. 194; *Bagley* v. *Nunan*, 53 Cal. 403), or in equity to a writ of injunction (*Payne* v. *McKinley*, 54 Cal. 532), or in a special proceeding to a writ of mandate. (*Linden* v. *The Board of Supervisors*, 45 Cal. 6; *Harpending* v. *Haight*, 39 Cal. 189.)

Besides, as the alleged obstruction was legalized by the board of supervisors, it was not the duty of the superintendent to remove it. A legalized obstruction in a sidewalk of a street loses its character as a nuisance.

Judgment reversed and cause remanded for further proceedings.

McKinstry, J., and Ross, J., concurred.