. 87   91
113  152
87   91
128  143
128  235

</div>

[No. 20733.   In Bank. — December 13, 1890.]

EX PARTE F. A. TAYLOR, ON HABEAS CORPUS.

MUNICIPAL ORDINANCE — REGULATION OF STREETS — OBSTRUCTION OF SIDE-
WALK — CONSTITUTIONAL LAW. — An ordinance of the city of San José forbidding the obstruction of a sidewalk, and prescribing a penalty for refusal to remove the obstruction upon notice prescribed to be given by certain municipal authorities, such penalty being of the same character, though less in degree, as that prescribed by the general law, is valid, and not in conflict with the constitution or with the general law.

ID. — LEGALIZATION OF OBSTRUCTION — REVOCATION OF AUTHORITY — PUBLIC
OFFENSE. — Municipal corporation may legalize a partial obstruction of street or sidewalk which would otherwise be a public nuisance; but when it changes its ordinance so as to revoke the authority, and declare the obstruction unlawful, the obstruction is no longer legal, and the continuation of it thereafter constitutes a public offense, for which the party persisting therein is amenable to law.

ID. — HABEAS CORPUS — JURISDICTION OF JUSTICE'S COURT. — When the complaint for the violation of a municipal ordinance states facts which constitute a public offense, both under the ordinance and under the general statute, and both the offense and the penalty are within the jurisdiction of the justice's court, and the judgment is not in excess of that authorized by the general statute, the prisoner committed for such offense cannot be discharged on habeas corpus, whether the ordinance is valid or not.

PRESCRIPTION — OBSTRUCTION OF SIDEWALK. — No right can be acquired by prescription to maintain an obstruction to a sidewalk in a street of a town or city.

APPLICATION to the Supreme Court for a writ of habeas corpus. The facts are stated in the opinion of the court.

Morehouse & Tuttle, for Petitioner.

William B. Hardy, City Attorney of San José, for Respondent.

Fox, J. — The petitioner is convicted of a violation of an ordinance of the city of San José in relation to streets and sidewalks.

It is claimed that the ordinance is void, because in conflict with the constitution and with general law, by reason whereof the city council had no authority to pass the same.

The city of San José is a municipal corporation existing under a special charter passed before the adoption of the present constitution. By section 9 of that charter the council is authorized and empowered "to pass all necessary and proper laws; . . . . to lay out, alter, vacate, improve, cleanse, water, and repair streets and sidewalks; . . . . to define, prevent, and remove nuisances; . . . . to impose and appropriate fines, penalties, and forfeitures for any and all violations of city ordinances; and for a breach or violation of any city ordinance, may fix the penalty by fine or imprisonment," etc. The ordinance referred to forbids the obstruction of the streets or sidewalks, and provides a penalty for the violation thereof. It is not contended that the act of the petitioner for which he was arrested and convicted was not a violation of the terms of the ordinance, or that the penalty imposed is in excess of or different from that authorized by the ordinance.

Reference is made in support of the petition to section 6, article 11, of the constitution. This is the section which provides that municipal corporations shall not be created by special laws, and that all charters heretofore granted shall be controlled by general laws. Upon the faith of this provision, it is claimed that a municipal corporation has no authority to determine and declare what shall constitute a nuisance upon a public street, and to provide for the punishment of one who maintains such a nuisance, because the general law has provided for the same. In support of that proposition we are cited to sections 370 and 372 of the Penal Code, and section

3479 of the Civil Code. Section 370 of the Penal Code and section 3479 of the Civil Code declare the obstruction of any public park, square, street, or highway a public nuisance; and section 372 of the Penal Code provides that one who maintains a public nuisance, or willfully omits to perform any legal duty relating to the removal of a public nuisance, is guilty of a misdemeanor, when the punishment for the offense is not otherwise prescribed. Punishment therefor is not otherwise prescribed in that chapter of the general law, but section 19 of the Penal Code declares that "except in cases where a different punishment is prescribed by this code, every offense declared to be a misdemeanor is punishable by imprisonment in the county jail not exceeding six months, or by a fine not exceeding five hundred dollars, or both." It thus appears that, under the general law, the obstruction of a street or highway is a nuisance; that a person maintaining a nuisance in the street is guilty of a misdemeanor, and is, upon conviction, punishable therefor as prescribed in said section 19. Is the ordinance in conflict with this general law?

We think not. The ordinance does not declare the obstruction of the street to be a nuisance or a misdemeanor, but, proceeding upon the theory that the state law itself so declares and provides, it simply forbids the obstruction, or declares that such obstruction shall be unlawful; in the exercise of its police power, and the authority expressly granted by the charter, it provides for the removal of the obstruction, and prescribes a penalty for refusal to remove it upon the notice prescribed to be given by the municipal authorities having charge of that department of the local government. That penalty is not of a different character or in excess of the one prescribed by the general law, but is of the same character, only less in degree. But why should the municipality legislate upon the subject at all? A brief review of the legislation, both state and municipal, and of the decisions

of this court, upon the subject, will furnish an instructive answer to this question.

Municipal charters have in this state universally conferred upon local municipal governments power to legislate for the maintenance and care of their public streets. It is conceded here, and this court has held, that streets include sidewalks, as well as the roadway (*Bonnet v. San Francisco*, 65 Cal. 230), and that the obstruction of a sidewalk is a public nuisance. (*Marini v. Graham*, 67 Cal. 130.) But in the latter case it was also held that a legalized obstruction of the sidewalk was not a nuisance. This was under an ordinance which, by implication, authorized the obstruction of a sidewalk to the extent of three tenths the width thereof. It thus recognized the fact that, notwithstanding the statute, the power of the municipality over the streets was such that it might make a legal authorization of an obstruction. The act constituting the offense in this case was the obstruction of the sidewalk for the depth of two feet in width and forty feet in length of the inner side thereof. The ordinance in this case, from the date of its passage, December 10, 1881, until amended, June 9, 1890, by clear implication, authorized the obstruction here made; but on the latter date it was so amended as to forbid it. This obstruction has been maintained for many years; but under the authority of *Marini v. Graham*, 67 Cal. 130, it could not be punished as a misdemeanor, because it was a legalized obstruction. Since the amendment, however, it has ceased to be legalized, and is now maintained in direct violation both of the statute and the ordinance. The passage of the ordinance in its original form was necessary to legalize the act, if it could be legalized; and as seen, this court has held that it could be so legalized, and the parties had the right to act upon the authority of that decision, so long as it remains unreversed. The effect of the amendment was to render the act no longer legal, and the continuance of the act thereafter consti-

tuted a public offense, for which the party was and is amenable to law.

A somewhat similar question to the one here under consideration arose under the same general laws, and a municipal ordinance, in the case of *Ex parte Casinello,* 62 Cal. 538, and the conviction and judgment was there held valid.

We are of the opinion that the city of San José had authority, under its charter, to pass the ordinance, that the same is not in conflict with the general law, and that a conviction under either is a bar to a prosecution under the other. Even if this is not so, the prisoner is not entitled to be discharged; for it is conceded that the acts charged constitute a violation of the statute in relation to the obstruction of streets. The complaint states facts which constitute a public offense under the statute, and alleges that they were done " contrary to the form of the statute in such case made and provided, and against the peace and dignity of the people of the state of California," and the judgment is not in excess of that authorized by the statute. Both the offense and the penalty was within the jurisdiction of the justice's court.

In *Ex parte Sic,* 73 Cal. 142, relied upon by the petitioner, the question whether the judgment was valid notwithstanding the invalidity of the ordinance was not raised or considered.

The defendant has acquired no right to maintain the obstruction by prescription; for none such could be so acquired. (*Hoadley* v. *San Francisco,* 50 Cal. 265; *People* v. *Pope,* 53 Cal. 437; *City of Visalia* v. *Jacob,* 65 Cal. 434; 52 Am. Rep. 303.)

Let the writ be discharged, and the prisoner remanded.

SHARPSTEIN, J., THORNTON J., and BEATTY J., concurred.

PATERSON, J., concurred in the judgment, on the ground last stated by Mr. Justice Fox.

McFARLAND, J., concurring.—I concur in the judgment. The defendant was convicted of placing and suffering to remain on the inside of a sidewalk something which obstructed the free passage of said sidewalk; and I do not think that an ordinance making such act an offense is in conflict with the general law of the state found in section 370 of the Penal Code, which declares the obstruction of a lake, river, park, street, highway, and other enumerated places to be a public nuisance, and the person who maintains it to be guilty of a misdemeanor. There are many matters connected with streets, sidewalks, awnings, trap-doors, etc., which are particularly within the scope of municipal regulation, and which cities and towns may legislate about without intruding upon any general law now in existence. The charter of San José giving power to pass the ordinance in question was enacted after said section of the code, and it is evident that the legislature by passing a law preventing nuisances on public highways throughout the state at large did not intend to prohibit the municipality from dealing further with streets and sidewalks within its corporate limits. The matter involved in *Ex parte Sic*, 73 Cal. 142, was smoking opium and maintaining places where that vice might be practiced; and the legislature had legislated upon that subject in great detail. The crime was the same in all parts of the state. But it is quite apparent that acts which would be of little consequence if done on public roads running through sparsely settled regions might be very serious evils if done on the crowded streets and sidewalks of populous towns and cities.

But I agree, also, that, in this particular case, the judgment can be sustained under the state law, even though the ordinance be considered invalid.