[S. F. No. 152.  Department One.—June 5, 1896.]

WILLIAM VANDERHURST, RESPONDENT, v. J. W. THOLCKE ET AL., APPELLANTS.

MUNICIPAL CORPORATIONS—CONTROL OF SIDEWALKS—REMOVAL OF SHADE TREES — NUISANCE—CONCLUSIVE DETERMINATION OF COUNCIL—EVIDENCE.—The common council of a municipal corporation, under a charter giving it the general care, custody, and control of streets, etc., and to define, prevent, and remove nuisances, has power to cause the removal of shade trees which have been growing in the sidewalk of a public street, and their determination that such trees constitute an obstruction to the street which may be removed as a nuisance is not open to review by the courts, where there is no clear abuse of discretion, nor is evidence admissible to show that the trees are not an obstruction.

ID.—DEGREE OF OBSTRUCTION NOT MATERIAL.—It is not essential to the power of the council to remove the shade trees that they should completely obstruct the walk; but the public is entitled to the free and unobstructed use of the entire street and sidewalk; and the degree of obstruction requiring removal of the trees is a question for the city to determine in the absence of an abuse of discretion.

ID.—FORM OF ORDER FOR REMOVAL—ORDINANCE.—The mere form of an order declaring the trees a nuisance, and directing the superintendent of streets to remove them, is not material, nor is an ordinance required for that purpose.

APPEAL from a judgment of the Superior Court of Monterey County and from an order denying a new trial.  N. A. DORN, Judge.

The facts are stated in the opinion of the court.

*John J. Wyatt*, for Appellants.

The mayor and common council of Salinas city have control of all streets and highways in Salinas city, and the right to remove obstructions therefrom (Charter of Salinas City, Stats. 1875, p. 98; *People* v. *Holladay*, 93 Cal. 241; 27 Am. St. Rep. 186; *Dubuque* v. *Maloney*, 9 Iowa, 451; 74 Am. Dec. 358; *Inhabitants* v. *New Orleans*, 14 La. Ann. 452; *Hart* v. *Mayor of Albany*, 9 Wend. 571; 24 Am. Dec. 165; *Hubbell* v. *Goodrich*, 37 Wis. 84; *Kemper* v. *Burlington*, 81 Iowa, 354; Beach on Public Corporations, sec. 1216; *White* v. *Godfrey*, 97 Mass. 473–75) and the courts have no power to interfere, at least in

the absence of any showing of fraud or oppression constituting a manifest abuse of discretion. (Beach on Public Corporations, secs. 1221, 1520.) The trees constituted a nuisance. (*Ex parte Taylor*, 87 Cal. 91; *Marini* v. *Graham*, 67 Cal. 130; *Visalia* v. *Jacob*, 65 Cal. 435; 52 Am. Rep. 303; *Tibbets* v. *Blade*, 60 Cal. 428; *Lewiston Turnp. Co.* v. *Shasta etc. Ry. Co.*, 41 Cal. 562; *El Dorado County* v. *Davison*, 30 Cal. 581; *Taylor* v. *Reynolds*, 92 Cal. 573; 24 Am. & Eng. Ency. of Law, 33, 34; 9 Am. & Eng. Ency. of Law, 413, note; *Harrower* v. *Ritson*, 37 Barb. 303; *Rex* v. *Russell*, 6 East, 427; *Dickey* v. *Maine Tel. Co.*, 46 Me. 483; *State* v. *Leaver*, 62 Wis. 387; Beach on Public Corporations, sec. 1234; *State* v. *Harden*, 11 S. C. 360; *Newport* v. *Miller*, 93 Ky. 22; *Fox* v. *Winona*, 23 Minn. 10; *Chase* v. *Oshkosh*, 81 Wis. 313; 29 Am. St. Rep. 898.) In all doubtful cases the action of the common council is conclusive. (*North Chicago City Ry. Co.* v. *Lake View*, 105 Ill. 207; 44 Am. Rep. 788; *Roanoke Gas Co.* v. *Roanoke*, 88 Va. 810; High on Injunctions, 3d ed., sec. 593.)

*Parker & Sargent*, for Respondent.

While cities and towns have the right to abate nuisances, they have not the power to finally and conclusively determine without notice or hearing, and without the right of appeal, that a given thing constitutes a nuisance. (*Cole* v. *Kegler*, 5 Am. & Eng. Corp. Cas. 361; *Yates* v. *Milwaukee*, 10 Wall. 497; *Chicago etc. R. R. Co.* v. *Joliet*, 79 Ill. 25; *Everett* v. *Council Bluffs*, 46 Iowa, 66; *Pye* v. *Paterson*, 45 Tex. 312; 23 Am. Rep. 608; *Chicago* v. *Laflin*, 49 Ill. 172; *Darst* v. *People*, 51 Ill. 286; *Pieri* v. *Shieldsboro*, 42 Miss. 493; Code Civ. Proc, sec. 731; Pen. Code, sec. 372.) The trees are not a nuisance. (Civ. Code, sec. 5479; *Demarest* v. *Hardham*, 34 N. J. Eq. 469; 16 Am. & Eng. Ency. of Law, 928, 929, notes; *Ex parte Robertson*, 27 Tex. App. 628; 11 Am. St. Rep. 207; *People* v. *Carpenter*, 1 Mich. 273; *Everett* v. *Marquette*, 53 Mich. 450; *Ballentine* v. *Webb*, 84 Mich. 38; *Neff* v. *Paddock*, 26 Wis. 546–52; *Griffith* v. *McCullum*, 46 Barb.

561; *Crismon* v. *Deck,* 84 Iowa, 344; *Newport* v. *Miller,* 93 Ky. 22; *Everett* v. *Council Bluffs, supra; Bills* v. *Belknap,* 36 Iowa, 583; Sharswood's Blackstone, 166, 167; *Avis* v. *Mayor etc. of Vineland,* 56 N. J. L. 474.)

VAN FLEET, J.—This action was brought to enjoin the authorities of Salinas city from cutting down or removing as an obstruction and nuisance certain shade trees standing and growing on the sidewalk in front of plaintiff's premises, within the corporate limits of said municipality.

The material facts found by the court are that plaintiff's premises (which are on a corner) front on Pajaro and Alisal streets, two regularly established public streets of said city, under the control and management of the authorities thereof, having curbed and graveled sidewalks some twelve feet wide. The trees in question were set out by plaintiff many years since, and have now grown so that their trunks are from two to five feet in diameter, and with a height of about fifty feet, and they stand in a row almost in the center of the sidewalk —fifteen of them on Alisal and ten on Pajaro street. That the city council has ordered the removal of the trees, as presenting an obstruction to public travel and a nuisance, and that defendants and appellants, one of whom is the superintendent of streets of said city, and the other chairman of the street committee of the common council thereof, are threatening to carry said order into execution.

It was further found, upon evidence admitted against the objection of defendants, that the same was immaterial and incompetent, that said trees are of great use and benefit to plaintiff, and beautify and protect his premises; and that they are of public utility and benefit in furnishing shade from the heat of summer, and shelter from wind and storm of winter, etc; and it is found that there is sufficient room and passageway for travel along said walks on each side of said trees. And apparently, as a conclusion and deduction from these last special

and probative facts, the court found that the trees are not an obstruction to the use of the said streets or sidewalks, and do not constitute a nuisance.

Judgment was entered restraining the removal of the trees, from which and an order refusing a new trial the defendants appeal.

It is contended that the finding that the trees do not constitute an obstruction or nuisance is without competent support, and this is the material question arising, since without the aid of that finding the judgment cannot stand. We are of opinion that this contention must be sustained. Under the charter of Salinas city the common council is given the general care, custody, and control of the streets, with power to lay out, open, alter, vacate, improve, cleanse, and repair the same; to make regulations for protection of the health, safety, order, and cleanliness of the city, and to define, prevent, and remove nuisances. (Charter of Salinas City, Stats. 1875–76, p. 98.)

Under this grant of power there can be no question that the city authorities can, and it is their duty to, cause the removal of anything constituting an obstruction to the streets and sidewalks (the latter being a part of the street) and abate it as a nuisance, since anything which is an obstruction to the free use of a public street constitutes a public nuisance. (Pen. Code, sec. 370; *Taylor* v. *Reynolds*, 92 Cal. 573; *Marini* v. *Graham*, 67 Cal. 130.) This power, indeed, is not questioned, but it is contended that the determination of the city authorities in the premises is not conclusive, but is open to review by the courts, and that it was competent for the court to take evidence upon the question as to whether or no the trees in question constituted an obstruction to the free use of the streets, and hence a nuisance. But the rule would seem to be that in an instance where the thing may or may not in its nature or circumstances constitute an obstruction, the determination of the city authorities, in the absence of fraud or oppression, or circumstances disclosing a manifest

abuse of their discretion, is conclusive, and not open to question by the courts. (*North Chicago etc. Ry. Co. v. Lake View*, 105 Ill. 207; 44 Am. Rep. 788; *Roanoke Gas Co.* v. *Roanoke*, 88 Va. 810; *Chase* v. *Oshkosh*, 81 Wis. 313; 29 Am. St. Rep. 818.)

Mr. High, in his valuable work on Injunctions, volume 3, section 593, says: "Courts of equity are averse to interfering with the exercise of the discretion or judgment of public officers in matters committed to their care, and, where municipal or town authorities are charged by law with the care of highways, and are empowered to remove obstructions therefrom, equity will not pass in review upon their judgments as to what constitutes an obstruction."

And in Beach on Public Corporations, section 1234, the author, speaking of the same character of obstruction as the one under consideration, uses this language: "A city may, without notice to an abutting landowner, remove shade trees which have been growing on the sidewalk of a public street, if they constitute an obstruction to public travel; and whether or not such trees are an obstruction must be determined by the proper city authorities, and their determination cannot be reviewed by the courts, unless they have clearly abused their discretion. It is not necessary, in order that trees shall constitute an obstruction so as to authorize their removal, that they should interrupt or stop travel."

In this instance we think it very clear, under the undisputed facts disclosed, that the question was one upon which the determination of the city council must be held final. As we have seen, the trees in controversy were very large, and, standing immediately in the center of the sidewalk, necessitate the public travel passing along the narrow edges or spaces left on either side thereof, instead of having the enjoyment of the entire width and surface of the walks to which it is entitled. Such an obstruction constitutes a nuisance *per se.* (*Chase* v. *Oshkosh, supra.*)

It was not essential to the power of the city to remove

the trees, that they should completely obstruct the walk, or take up the entire width thereof. The degree of obstruction justifying their removal is a question for the city, in the absence, as we have said, of an abuse of discretion. The public is entitled to the free and unobstructed use of the entire street and sidewalk for purposes of travel, subject only to the reasonable and proper control of the municipality (24 Am. & Eng. Ency. of Law, 33, 34; *Ex parte Taylor,* 87 Cal. 91; Beach on Public Corporations, *supra*); and that it cannot enjoy this right with the obstruction presented by these trees, situated as they are, is beyond question.

When it became established, therefore, that the city council had determined that the trees constituted an obstruction to public travel such as to require their removal, the court should not have proceeded to review such action, and the evidence admitted for the purpose was wholly incompetent, and did not legally tend to sustain the finding based thereon.

The mere form of the order declaring the trees a nuisance and requiring their removal was immaterial. An ordinance was not required for the purpose, and the order in question is clearly sufficient as a direction and authorization to the superintendent of streets to remove the obstruction.

The judgment and order are reversed.

HARRISON, J., and GAROUTTE, J., concurred.