[Civ. No. 1873. First Appellate District.—June 16, 1916.]

W. P. ROBINSON, Respondent, v. FRANK OTIS, as Mayor of the City of Alameda, et al., Appellants.

MUNICIPALITIES—CONTROL OF STREETS—PERMITS FOR MOVING BUILD-
INGS—VALIDITY OF ORDINANCE.—The city of Alameda by its char-
ter is given authority as a municipal corporation to "manage and
control the streets, roads and highways, and to permit, regulate or
prohibit the placing of obstructions thereon, and to ordain, make and
enforce within the limits of the city all necessary police, sanitary
and other laws and regulations (Stats. 1906-7, p. 1059; Const.,
art. XI, sec. 2)"; and under this grant of power the city has the
right to pass an ordinance providing for the issuance of a permit
to move a building over the streets of the city upon written appli-
cation showing the consent of certain property owners, the filing
of a bond, and the character of building to be removed, and pro-
hibiting such removal in the absence of the required permission.

ID.—DISCRETION IN GRANTING OR REFUSING PERMIT.—The governing
body of a municipality has a certain discretion in the granting or
refusing of a permit for the moving of a building over the streets,
and its conclusion on the subject, in the absence of fraud or cir-
cumstances disclosing a manifest abuse of such discretion, is con-
clusive and not open to question by the courts.

30 Cal. App.—49

APPEAL from a judgment of the Superior Court of Alameda County. William H. Donahue, Judge.

The facts are stated in the opinion of the court.

A. F. St. Sure, for Appellants.

J. A. Elston, and George Clark, for Respondent.

KERRIGAN, J.—This is an appeal from a judgment awarding a writ of mandate. The respondent herein petitioned the superior court of the county of Alameda for a writ of *mandamus* commanding the mayor and members of the council of said city of Alameda to issue a permit to him to move a certain building over the streets of the city. The petition shows that there exists an ordinance of the city of Alameda regulating the moving of buildings upon its streets, which in substance provides for the issuance of a permit upon written application showing the consent of certain property owners, the filing of a bond, and the character of building to be removed, and prohibits such removal in the absence of the required permission. The plaintiff made application, and the matter came on for hearing in regular session of the council; and after receiving evidence for and against the issuance of the permit, the council denied the application, whereupon plaintiff filed his petition for the writ aforesaid. Defendants demurred to the petition, and upon the overruling of such demurrer declined to answer, whereupon judgment was entered against them, awarding to the plaintiff the writ of *mandamus* as prayed for. From this judgment the defendants appeal.

The only questions involved in the appeal are, whether or not the council had the power to enact the ordinance in question, and if, having such power, its refusal to issue a permit was such an abuse of discretion as to warrant the granting of the relief here sought.

The city of Alameda by its charter is given authority as a municipal corporation to "manage and control the streets, roads and highways, and to permit, regulate or prohibit the placing of obstructions thereon, and to ordain, make and enforce within the limits of the city all necessary police, sanitary and other laws and regulations." (Stats. 1907, p. 1059; Const., art. XI, sec. 11.) Under this grant of power there

can be no question but that the city has the right to pass an ordinance of the character mentioned. The authority of municipalities to enact ordinances under its police power has received consideration in a great many cases in numerous jurisdictions. It would be a useless task to review those authorities, and a mere reference to a case where the power was exercised under facts similar to those here will be sufficient. In *Eureka City* v. *Wilson,* 15 Utah, 53, [48 Pac. 41], an ordinance required the issuance of a permit for the removal of buildings, and it was held that the city council could prohibit by ordinance the moving of a building into and upon the streets of a municipality without first obtaining a permit, and that such right comes within the police power of the state. This case was affirmed by the supreme court of the United States. (*Wilson* v. *Eureka City,* 173 U. S. 32, [43 L. Ed. 603, 19 Sup. Ct. Rep. 317].)

Having the power to pass the ordinance, it only remains to be determined whether or not the permit in this instance was rightfully refused. A certain discretion in matters of this character must necessarily be vested in the governing body of a municipality; and its conclusion on the subject, in the absence of fraud or circumstances disclosing a manifest abuse of such discretion, is conclusive and not open to question by the courts. (*Vanderhurst* v. *Tholcke,* 113 Cal. 147, [35 L. R. A. 267, 45 Pac. 266].) No such abuse of discretion is here shown. The council had a public hearing, and having considered the evidence denied the application; and it cannot be said that it arbitrarily or dishonestly exercised its power. On the contrary, there is nothing contained in the record to show but that it acted with good motives and in the interests of the public welfare.

The judgment is reversed.

Lennon, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 15, 1916.