[L. A. No. 4462.　Department Two.—August 6, 1918.]

## ETHEL WILEY, Respondent, v. P. H. YOUNG, Appellant.

NEGLIGENCE—COLLISION BETWEEN MOTORCYCLE AND AUTOMOBILE—VIOLATION OF STATE LAW—EVIDENCE—APPEAL.—Where, in an action for damages for personal injuries suffered by plaintiff in a collision upon a county highway between a motorcycle side-car in which she was riding and an automobile operated by defendant, there was sufficient direct evidence to sustain the plaintiff's contention that the proximate cause thereof was that the defendant was violating the state law, this evidence is sufficient to support a verdict in plaintiff's favor.

ID.—PLEADING—CAPACITY OF PLAINTIFF—GUEST OF DRIVER.—In such an action, it was not necessary for the complaint to show whether plaintiff was riding in the side-car of the motorcycle, as a guest or otherwise, since such question was germane only to the defense of contributory negligence, which being an affirmative defense, was required to be set up by the defendant.

ID.—NEGLIGENCE OF DRIVER OF MOTORCYCLE—LIABILITY OF PLAINTIFF—INSTRUCTION.—It was not error to refuse to instruct the jury that if they believed that the plaintiff selected as a driver the person shown to have been operating the motorcycle at the time of the accident, and directed or assisted in directing his movements, which contributed to placing the motorcycle in peril and to causing the injury, the plaintiff is responsible for the negligence of the driver, since if, as claimed and proved, the plaintiff was riding as a guest, she was not responsible for his negligence, even if she selected him as her host.

ID.—KNOWLEDGE OF DRIVER'S HABITUAL NEGLIGENCE—INSTRUCTION.—It was not error to refuse to instruct the jury that if they believed that plaintiff knew or had reason to believe that the driver of the motorcycle was usually careless or negligent in the operation of the same, before she accompanied him on the occasion of the accident, the plaintiff was chargeable with any negligent acts of the driver.

ID.—STANDARD OF CONDUCT OF PERSONS IN GREAT PERIL—INSTRUCTION.—In such an action, an instruction with reference to the duty of persons in great peril which was correct in point of law was properly given where the collision was shown to have occurred in broad daylight and each party involved was in plain view of the other.

ID.—LACK OF CONTRIBUTORY NEGLIGENCE—INSTRUCTION.—In such an action, an instruction that if the jury believed that at the time of the collision the defendant did not use ordinary care to avoid the accident, and the injuries plaintiff received were caused by such want of ordinary care on the part of defendant without any con-

tributory negligence on the part of plaintiff, or those lawfully in charge of her, then plaintiff was entitled to a verdict, is not subject to criticism on the part of the defendant for uncertainty, from the use of the phrase "or those lawfully in charge of her," as the instruction was made thereby less favorable to plaintiff.

ID.—MEASURE OF DAMAGES—FUTURE PAIN AND SUFFERING.—In such an action, the court properly instructed the jury that in considering damage for pain and suffering, they were to take into consideration the pain and suffering caused at the time of the accident and also that which was reasonably certain to be endured in the future, if any, as the result of the accident.

ID.—FIXING OF DAMAGES FOR PAIN AND SUFFERING—INSTRUCTION.—An instruction that it was not necessary that any of the witnesses should have expressed an opinion as to the amount of damages for pain and suffering, but that the jury might fix the same as their discretion dictated in connection with their own knowledge and experience in the affairs of life, and according to the facts and circumstances of the case, was properly given.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

Duke Stone, for Appellant.

R. T. Walters, and W. J. Wallace, for Respondent.

WILBUR, J.—Defendant appeals from a judgment for damages for personal injuries suffered by plaintiff in a collision upon a Los Angeles County highway between a motorcycle side-car in which she was riding and an automobile operated by the defendant. Plaintiff's evidence tends to show that as the two machines were approaching each other the defendant's automobile was following a one-horse wagon; that when defendant's machine turned out to the left to pass the wagon, the motorcycle was so close to the wagon that the collision resulted. It is claimed that the defendant violated the state law, which required that in turning out for the purpose of passing a slower moving vehicle the highway must be clear for a hundred yards to the front. (Stats. 1913, p. 647.) Defendant's claim is that his machine was at all times on the right-hand side of the highway, but that the machine in which the plaintiff was riding sud-

denly swung to the left in front of his machine and that
the collision resulted. There was sufficient direct evidence
to sustain the plaintiff's contention if believed by the jury.
We cannot consider whether or not the weight of evidence
was in her favor.

Appellant demurred to the complaint on the ground of
alleged uncertainties therein. The demurrer was overruled.
This ruling is claimed to be error, for the reason that the
complaint should have shown the capacity in which plaintiff
was riding in the side-car of the motorcycle, whether as
guest or otherwise. This question was germane only to the
defense of contributory negligence, which being an affirma-
tive defense was required to be set up by the defendant.
The demurrer was properly overruled.

Certain instructions given by the court are claimed to have
been erroneous. The instructions requested by the defend-
ant and refused by the court are contained in four para-
graphs, but it does not appear that these paragraphs were
separately offered, as separate instructions. If the instruc-
tion was offered as a whole, then, if any one of these para-
graphs is erroneous, the whole was properly refused. With-
out quoting these instructions at length, the only point in
them not fully covered by other instructions is that with
relation to the plaintiff's knowledge concerning the alleged
habitual carelessness of the driver, Lewis, with whom she
was riding, and the effect of that knowledge upon her rights
and conduct in the premises. A part of the proposed in-
structions relating to this matter is as follows: "I charge
you that if you believe from the evidence that the plaintiff
selected as a driver the person [Lewis] shown to have been
operating the motorcycle at the time of the accident, and
directed or assisted in directing his movements, which con-
tributed to place the motorcycle in peril, and which con-
tributed to cause the injury, then the plaintiff is respon-
sible for the negligence, if any, on the part of the driver
[Lewis], and if such negligence, if any, contributed to cause
the injuries complained of, then plaintiff cannot recover."
This instruction is erroneous for the reason that if, as
claimed and proved, the plaintiff was riding as a guest of
Lewis, she was not responsible for his negligence, even if
she selected him as her host. Nor is it correct to say that if

she directed or assisted in directing his movements, she was responsible for his negligence. Defendant's claim that plaintiff was guilty of contributory negligence is based upon the proposition that she omitted some precaution which she as a guest was under the obligation to take, including, if need be, warning or suggestion to the driver of the motorcycle to avoid the collision. There is no evidence that plaintiff either directed or assisted in directing the driver's movements. It was not error to refuse this instruction. Another portion of the instructions complained of is as follows: "I charge you that if you believe from the evidence that plaintiff knew or had reason to believe that the driver of the motorcycle was usually careless or negligent in the operation of the same, before she accompanied him on the occasion of this accident, then plaintiff is chargeable with any negligent act or acts of the driver of the motorcycle (if you find that there were any such negligent act or acts) which might have been reasonably anticipated, by the plaintiff, and if you find that the driver of the motorcycle was negligent, and that such negligence contributed to cause the injury to the plaintiff, and that plaintiff before accompanying said driver knew or had reasonable grounds to believe that said driver was usually negligent in the operation of said motorcycle, and that it was negligence for the plaintiff to accompany the driver under the circumstances, then she cannot recover and your verdict must be for the defendant." This instruction is predicated upon the theory that it would be negligence upon the part of the plaintiff to ride with a driver if she had reason to believe that the driver of the motorcycle was usually careless or negligent in some unspecified particular in the operation of the same. This is not the law. If the plaintiff knew or had reason to believe that Lewis was usually negligent in the operation of his machine, it was her duty to consider that fact in determining what precaution she should have taken for her safety in the event of meeting the defendant's automobile upon the public highway, and the question for the jury to determine under all the facts and circumstances, including the knowledge of the plaintiff, if any, concerning the driver Lewis, was whether or not she was guilty of any negligence which proximately contributed to the injury. The only evi-

dence as to plaintiff's knowledge of the driver's habitual negligence, if any, is the inference to be drawn from the fact that plaintiff had ridden as his guest some fifteen times. There was no evidence that he had ever collided with any other machine, or obstacle, and hence there was no basis for an instruction so general in its terms, even if otherwise proper.

The defendant requested that the jury answer four questions; one, as to which side of the road did the accident occur; the others with relation to the speed of the automobile and the motorcycle and the question of whether or not defendant's car was struck by the motorcycle. There was no abuse of discretion in refusing to submit the questions to the jury.

Appellant also complains of the giving of an instruction with reference to the duty of persons in great peril. That the instruction was correct in point of law is not questioned, but it is claimed that there was no such issue in the case and it was therefore calculated to mislead the jury. The collision occurred in broad daylight. Each party involved was in plain view of the other. According to some of the testimony both vehicles were operated at a high speed. There must have been a time in the mind of the driver of each vehicle when it was apparent that a collision was possible. A slight swerving of the automobile or motorcycle might perhaps have avoided the accident. Whether or not under these conditions both acted with care was to be determined by the jury, and it was proper to instruct them, therefore, in relation to the standard by which the conduct of persons in peril was to be determined, varying, as it does, from the standard by which the conduct of men is judged under ordinary circumstances.

Appellant complains of the following instruction: "If you believe from the evidence that at the time of the collision in this case the defendant did not use ordinary care to avoid the accident, and that the injuries which the plaintiff received were caused by such want of ordinary care on the part of the defendant without any contributory negligence on the part of the plaintiff or those lawfully in charge of her, then I charge you to return a verdict in favor of the plaintiff."

The phrase in this instruction "or those lawfully in charge of her" is objected to as injecting a condition of uncertainty in the instruction. Appellant certainly is in no position to complain of this instruction. It clearly prevents plaintiff's recovery if she was negligent and adds the additional provision preventing her recovery if those "lawfully in charge of her are guilty of negligence." This was less favorable to the plaintiff than she was entitled to. But the parenthetical provision was introduced for the sole purpose of qualifying an instruction as to defendant's negligence. What constituted contributory negligence on the part of plaintiff was elsewhere defined by the court at the request of the defendant. There was no error in this instruction prejudicial to the appellant.

Complaint is made of the instruction as to the measure of damages, which contains the following: "You are instructed, however, that in considering such damages for pain and suffering you are to take into consideration not only pain and suffering caused at the time of the accident, but also the pain and suffering reasonably certain to be endured in the future, if any, which are the result of the accident."

This form of instruction authorizing the jury to give compensation for damages "reasonably certain" to result in the future was approved in *Cordiner* v. *Los Angeles Traction Co.*, 5 Cal. App. 400, [91 Pac. 436], and is in accord with the provision of the Civil Code (section 3283) : "Damages may be awarded, in a judicial proceeding, for detriment resulting after the commencement thereof, or certain to result in the future." The case of *Malone* v. *Sierra R. R. Co.*, 151 Cal. 116, [91 Pac. 522], cited by appellant, dealt with an instruction which authorized the jury to award damages for such pain and anxiety as the plaintiff "may suffer by reason of his injuries." The vice of the instruction in the latter case was due to the use of the word "may," thus allowing the jury to engage in speculation as to the possibilities instead of confining them to damages reasonably certain to occur as a result of the accident. In that case it is said: "It is true that in a succeeding instruction the court declared that plaintiff was entitled to recover not only such damages as he may have suffered, but also 'such damages as by the evidence it is reasonably certain he will suffer in the future.'

Herein is a declaration of the true rule, but none the less the instructions on the matter are conflicting, and it cannot be said by which the jury was guided." That case, therefore, is direct authority for the instruction in the form given in this case.

Appellant also complains of that portion of the instruction with relation to the damages which reads as follows: "It is not necessary, therefore, that any of the witnesses should have expressed an opinion as to the amount of such damages for pain and suffering, but the jury may thus make such estimate of the damages from the facts and circumstances and evidence and by considering them in connection with their own knowledge and experience in the affairs of life." This instruction was proper, and so far as we know is always given. There is no other method by which the pecuniary value of pain and suffering can be included in a verdict except by the jurors applying to the facts and circumstances in evidence their own knowledge and experience in the affairs of life. The following portion of the instruction is also objected to: "You are instructed, however, that with regard to pain and suffering, the law prescribes no definite measure of damages, but the law leaves such damages to be fixed by you as your discretion dictates and as under all the circumstances may be just and proper." This was correct, (*Rystinki* v. *Central California Traction Co.*, 175 Cal. 336, [165 Pac. 952].) The jury had already been instructed in the same instruction, "If you find the defendant liable, you are instructed that the damage should be fixed at such an amount as will compensate plaintiff for such loss sustained by her as set forth by her in her complaint, and any injury that she will sustain in the future as is supported by the evidence." The effect of the instruction as a whole is that the plaintiff is entitled to compensatory damages only. The instruction with reference to the amount of damages for pain and suffering is elaborated for the purpose only of disclosing to the jury that it is not necessary that any particular witness should have fixed a particular amount as the damage for such pain and suffering.

The judgment is affirmed.

Lorigan, J., and Melvin, J., concurred.