AGNES BERTOLOZZI, Respondent, v. PROGRESSIVE CONCRETE COMPANY (a Copartnership) et al., Appellants.

Philander Brooks Beadle and Ernest E. Emmons, Jr., for Respondent.

Cooley, Crowley & Gaither for Appellants.

DOOLING, J.—On July 26, 1946, in the city and county of San Francisco plaintiff sustained personal injuries by walking into a framework of boards placed by defendants around an area of freshly poured concrete on a portion of the sidewalk on Union Street between Mason and Powell Streets. For the injuries then received plaintiff after a jury trial secured judgment against defendants. The mishap occurred in the nighttime and the evidence is in conflict as to whether at the time there was a lighted lantern at that end of the barrier to warn pedestrians of its presence.

Over objection plaintiff introduced an emergency ordinance of the city and county of San Francisco. This ordinance in substance requires every person, firm or corporation, who has made any portion of any "public street, park or way" dangerous, to erect a substantial barrier around such dangerous portion and cause to be maintained at both ends of the barrier during the nighttime a lighted lantern. The ordinance contains a proviso that during the emergency proclaimed by the mayor on December 7, 1941, "and until said emergency ceases to exist as proclaimed by the Mayor, no lighted lantern or other light shall be left or maintained at said barrier but the said barrier shall be marked . . . by a reflector or reflectors or other device or devices which shall properly warn persons of said dangerous condition. The type, character and number of said reflectors or devices shall be designated and approved by the Director of Public Works."

The proviso was admittedly a wartime measure to meet the blackout regulations and the recital of emergency in the ordinance plainly so states. Admittedly hostilities were ended at the time of plaintiff's injuries but the mayor had not formally declared that the emergency proclaimed on December 7, 1941, had ceased to exist.

Under these circumstances we cannot see how it can be held to have been error to permit the introduction of the ordinance. By its express terms the proviso continued in force until the mayor's proclamation of the cessation of the emergency and required a reflector or other warning device on the barrier. Admittedly defendants had placed no such device on the barrier here involved.

In the absence of any evidence that any warning device was placed on the barrier it is unimportant that no evidence was introduced as to the type, character and number of such devices which had been designated and approved by the director of public works as provided in the ordinance. Whatever the action of the director may have been defendants clearly had not complied with it.

■ Defendants offered to prove by the city attorney who drafted the ordinance that it was not intended to apply to sidewalks. The court properly refused to admit this evidence. Under an unbroken line of authority in California the word "streets," unless expressly qualified, includes sidewalks. (*Bonnet* v. *San Francisco*, 65 Cal. 230 [3 P. 815]; *Marini* v. *Graham*, 67 Cal. 130 [7 P. 442]; *Ex parte Taylor*, 87 Cal. 91, 94 [25 P. 258]; *Martinovich* v. *Wooley*, 128 Cal. 141, 143 [60 P. 760]; *Heath* v. *Manson*, 147 Cal. 694, 699 [82 P. 331]; *Taylor* v. *Manson*, 9 Cal.App. 382, 391 [99 P. 410]; *cf.*, *Mecchi* v. *Lyon Van & Storage Co.*, 38 Cal.App.2d 674, 680 [102 P.2d 422], construing the Vehicle Code.) ■ Where a statute or ordinance is clear on its face there is no room for extrinsic evidence of its meaning. (*Johnston* v. *Board of Supervisors*, 31 Cal.2d 66, 75 [187 P.2d 686]; *cf.*, 23 Cal.Jur., Statutes, § 149, p. 774.)

■ The jury, at the request of plaintiff, was given the following instruction:

"The applicable portions of the Public Works Code of the City and County of San Francisco, in effect at the time of this accident, provide as follows:

" 'Every person, firm or corporation . . . under whose immediate direction or authority, either as principal, contractor or employer, any portion of any public street . . . or way may be made dangerous, must erect and, so long as the danger may continue, maintain around the portion of such street . . . or way so made dangerous a substantial barrier, . . . but the said barrier shall be marked, designated or delineated by a reflector or reflectors or other device or devices which shall properly warn persons of said dangerous condition . . . .'

"A sidewalk is that portion of a street, other than the roadway, set aside for pedestrian travel.

"A violation, if any, of the provisions of the Public Works Code just read to you constitutes negligence as a matter of law provided such negligence was not excusable or justifiable and is a proximate cause of plaintiff's injury."

This instruction is criticized. Since the proviso of the ordinance expressly prohibited the use of lighted lanterns to mark the barrier defendants claim that the jury was instructed that the use of a lighted lantern for that purpose "constitutes negligence as a matter of law." In the first place that portion of the ordinance prohibiting the use of lighted lanterns was not read to the jury and the instruction by its own terms was limited to "the provisions of the Public Works Code *just read to you*." Secondly the jury was instructed that the violation of the ordinance to constitute negligence must be "a proximate cause of plaintiff's injury." The presence of a lighted lantern could not conceivably proximately cause the plaintiff's injury and we must concede the ordinary measure of common sense to the members of the jury.

Defendants also claim that the instruction in effect advised the jury that even if the barrier was adequately marked by a lighted lantern a violation of the provision for reflectors or other devices would constitute actionable negligence. Not so. If the barrier was adequately marked by a lighted lantern the absence of reflectors or other devices could not be the proximate cause of plaintiff's injury. The instruction was correct as a matter of law. If it is subject to the criticism that it might have been more elaborate, e. g., that it might more clearly have spelled out that with a lighted lantern at the end of the barrier plainly visible to any pedestrian using ordinary care the absence of reflectors could not be a proximate cause of plaintiff's injury, the ready answer is that defendants asked for no such instruction. "(I)t is unquestionably the law that where a general instruction is given which is correct as far as it goes, being deficient merely by reason of its generality, the injured party may complain upon appeal only in case he requests that the charge be made more specific, or asks for other qualifying instructions, and his request is denied." (24 Cal.Jur., Trial, § 74, p. 796; *Ohran* v. *County of Yolo,* 40 Cal.App.2d 298, 307 [104 P.2d 700] ; *Crooks* v. *White,* 107 Cal.App. 304, 311-312 [290 P. 497].)

After the jury had deliberated for a period it returned into court and the following colloquy occurred between the foreman and the judge:

"The Foreman: . . . It is up to us then, your honor, to judge whether one lamp would be sufficient reflectors for that particular situation, not being in conflict with any code?

"The Court: You are the exclusive judges . . . of the facts and the credibility of the witnesses. It is your province and responsibility to determine the value, effect and weight of the evidence.

"The Foreman: As to what is adequate or inadequate, it is up to us?

"The Court: Yes. . . ."

This interchange makes it clear that the jury understood that the presence of a lighted lantern adequate to give warning of the presence of the barrier would absolve defendants of liability and were concerned to know their powers in judging of its adequacy as a warning. They had been instructed on negligence, ordinary care and proximate cause and we must assume that in determining the adequacy of the warning, if any, they followed these instructions.

█ There was some evidence that on previous occasions lighted lanterns left at barriers on the streets by defendants had been removed by children or others. Defendants proposed two instructions on this subject which the court refused to give. The more complete of the two reads as follows:

"If you find that the proximate cause of the accident and the resulting injuries to the plaintiff, if any there were, was the absence of a lantern at or near the barricade, and if you further find that the defendants had placed a lantern at the barricade prior to the time of the accident but that said lantern had been removed by an unknown third person, then, if you find these facts to be true, I instruct you that the defendants were not guilty of negligence and that your verdict must be in their favor."

The instructions as proposed were incomplete and misleading. The question whether defendants, knowing of the fact that lanterns had previously been removed from other barriers, should in the exercise of ordinary care have taken some precautions to prevent this being done in the case of this barrier, would seem properly to be a jury question. The mere placing of a lantern, lighted or unlighted, "at or near the barricade" would not excuse defendants, even if it remained there, unless it was lighted and placed at the end of the barricade from which the injured person approached so as to be visible to her in the exercise of ordinary care. █ Courts are not obliged to reframe erroneous or incomplete instructions and parties cannot complain that an instruction of that

character has not been given. (*Wiley* v. *Young*, 178 Cal. 681, 683 [174 P. 316]; *Hart* v. *Farris*, 218 Cal. 69, 75 [21 P.2d 432]; *Paine* v. *Bank of Ceres*, 59 Cal.App.2d 242, 247-248 [138 P.2d 396]; *Johnson* v. *Southern Pac. Co.*, 105 Cal.App. 340, 356-357 [288 P. 81].)

The record does not support the claim that the court coerced the jury. "The trial court has a wide discretion in determining the length of time a jury may deliberate before discharging them." (*Hughes* v. *Schwartz*, 51 Cal.App.2d 362, 371 [124 P.2d 886].) No impropriety of the judge such as appeared in *Mahoney* v. *San Francisco, etc. Ry. Co.*, 110 Cal. 471 [42 P. 968, 43 P. 518], cited by appellants, is found in this record; and counsel for appellants voiced no objection to the jury not being sooner discharged. Having been content to gamble on a verdict in their favor they are not in a position to complain now that the jury was required to continue its deliberations after some of its members had told the court that they did not believe an agreement could be reached.

Judgment affirmed.

Nourse, P. J., and Goodell, J., concurred.

[Civ. No. 14089. First Dist., Div. Two. Dec. 27, 1949.]