[No. 19230.   Department One.—February 14, 1894.]

# THE CITY OF SAN PEDRO, Respondent, v. THE SOUTHERN PACIFIC RAILROAD COMPANY et al., Appellants.

101  333
¦e146 397

Municipal Corporations—Title to Tide Lands—Injunction—Construction of Wharf by Railroad Company—Permission of Surveyor General.—A municipal corporation as such has no proprietary interest or riparian rights in tide lands situated within its corporate limits, and where no title to such lands appears to have passed from the state, the municipal corporation cannot enjoin a railroad company from driving piles for the construction of a wharf upon such lands under permission of the surveyor general of the state, pursuant to section 478 of the Civil Code.

Id.—Trespass Upon Rights of State—Action by City.—Even if the act of the railroad company in building the wharf be a trespass upon the rights of the state, the state alone has the right to complain, and, in the absence of any complaint on its part, the railroad company cannot be questioned about the nature of its acts at suit of the city.

Id.—Authority of City to Construct Wharves—Municipal Government Act.—The authority given to cities by section 862 of the Municipal Government Act (Stats. 1891, p. 324), "to construct, maintain, and operate on any lands bordering on any navigable bay within the corporate limits of such city, or contiguous thereto, wharves, piers," etc., does not clothe a city with an absolute right to construct a wharf at any point on its water front which it may select, irrespective of the rights of others; but is intended to confer upon it the same authority to do the acts therein enumerated, which a natural person would possess, and to give to its acts a sanction which it would not otherwise have; and the authority thus given does not authorize it to prevent the erection of a wharf by another person, who has a right therefor, or who does not infringe upon any of the rights of the city.

Id.—Limit of Surveyor General's Permit.—Section 478 of the Civil Code does not limit the time within which work shall be commenced for the construction of a wharf, under the surveyor general's permit; but implies the continuance of the permit until the use is prohibited by a court in the manner prescribed by that section.

Id.—License—Right of Way—Revocation—Forfeiture.—The surveyor general's permit operates only as a license of a right of way over the public lands of the state, which may be revoked by the state, for unnecessary delay on the part of the railroad company in availing itself of the privilege, but unless the state makes the objection, the privilege cannot be declared forfeited at the instance of any other person.

Id.—Reasonable Delay.—A delay or suspension of work by a railroad company in building a wharf which is part of its line of road, under circumstances rendering the delay or suspension prudent or necessary, will not of itself work a forfeiture of its rights to construct the wharf.

Id.—Forfeiture of Franchise—Exclusive Right of State.—When the right to the forfeiture of a corporate privilege or of a franchise exists, it can be invoked only at the instance of the state.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*John D. Bicknell*, and *Bicknell & Trask*, for Appellants.

*Cheney & Cronin*, for Respondent.

HARRISON, J.—In March, 1887, the Southern Pacific Railroad Company made selection of a right of way over certain public lands of the state, for the location and construction thereon of tracks, and other works necessary in the extension of its Wilmington Branch, and on the 7th of April, 1887, the surveyor general, under the provisions of section 478, of the Code of Civil Procedure, issued to it a permit to use the same. The lands over which the right of way was so selected are located in Wilmington bay, within the corporate limits of the plaintiff, and a portion thereof are tide lands—that is, lands between the lines of high and low water—while another portion is continually covered by the waters of the bay. In December, 1891, by virtue of the permit thus granted by the surveyor general, the defendants commenced to drive piles from the extremity of the wharf theretofore constructed by the railroad company, and had driven them for the length of about six hundred and sixty feet, when the plaintiff brought the present action to enjoin and restrain them from further prosecuting their work. The grounds upon which the plaintiff bases its right to the relief sought are that the lands upon which the defendants were driving the piles are within its corporate limits, and form a portion of its water front; that it has certain statutory and riparian rights over said land and water front, and that in the exercise of these rights it was about to construct a wharf and landing-place at the point where the defendants were driving the piles; that the driving of the piles and building a wharf at that point by the defendants will prevent it from erecting a wharf or landing-place there, and

that the acts of the defendants are without any right or authority. The court made findings in support of the averments in the complaint, and rendered judgment in favor of the plaintiff. From this judgment and an order denying a new trial the defendants have appealed.

The court finds: "That the defendants were proceeding to drive said piles in a continuous row, close to the line of mean low-water mark, and almost parallel to the channel of Wilmington bay; that for a distance of about two hundred feet the said piles were driven below mean low-water mark, and that said piles were driven below low tide at that portion of the premises described in plaintiff's complaint as adjoining the southerly end of the wharf of the Southern Pacific Railroad Company." It does not appear that the state has ever parted with its title to these lands, either those between the lines of high and low tide, or those which are at all times covered with water, and unless the plaintiff has some right in the lands which the acts of the defendants will tend to impair, it is not entitled to the relief sought. The plaintiff cannot enjoin the defendants from prosecuting their work of driving piles within the terms of the surveyor general's permit, unless such work is an invasion of some right of the plaintiff, and the burden of establishing that fact rests upon it. If it should be assumed that the acts of the defendants are a trespass upon the rights of the state, the state alone has the right to complain, and, in the absence of any complaint on its part, the defendants are not to be questioned about the nature of these acts of trespass. (*People* v. *Davidson,* 30 Cal. 379.) Hence, it is unnecessary to determine whether the legislature could, by special act, disincorporate the town of Wilmington. (Stats. of 1887, pp. 108, 109.)

The plaintiff is a municipal corporation of the sixth class, and was organized as such February 27, 1888, subsequent to the date of the permit given to the defendants by the surveyor general. As such municipal corporation, it is only one of the agencies of the state to aid it in the discharge of its political duties, and al-

though the lands upon which the defendants were driving the piles are within the corporate limits of the plaintiff, the plaintiff has not, for that reason, any proprietary interest in these lands, nor is it the owner of the soil, or clothed with any riparian rights. Its right to construct a wharf rests upon the provision of section 862 (11) of the Municipal Government Act (Stats. of 1891, p. 234), by which it has authority to " construct, maintain, and operate on any lands bordering on any navigable bay, within the corporate limits of such city, or contiguous thereto, wharves, piers," etc. The authority given in this section does not, however, clothe the plaintiff with an absolute right to construct a wharf at any point on its water front which it may select, irrespective of the rights of others; but is intended to confer upon it the same authority to do the acts therein enumerated which a natural person would possess, and to give to its acts a sanction which it would not otherwise have. A municipal corporation can exercise only such powers as are conferred upon it by the legislature, and, in the absence of the authority above conferred, the plaintiff would not be authorized, under any circumstances, to erect or maintain a wharf; but the authority thus given does not authorize it to prevent the erection of a wharf by another person, who has a right therefor, or who does not infringe upon any of the plaintiff's rights.

The court also found that there had been an abandonment and nonuser of the portion of the lands within the limits of the permit beyond the existing wharf, and that by reason thereof these lands were excluded from the permit. The record does not contain any evidence showing an " abandonment " of the rights conferred by the permit, and we have been cited to no statute or rule of law by which a failure on the part of the railroad corporation to construct its wharf immediately upon receiving the permit would work a forfeiture of its rights. Section 478 of the Civil Code, under which the permit is granted, does not limit the time within which the work shall be commenced, and the clause therein by

which the surveyor general is directed to "issue to the corporation a permit to use the same, unless on petition properly presented to the court a review is had, and such use prohibited," implies the continuance of the permit until such use is prohibited in the manner therein prescribed. As the permit is only a license for a right of way over the public lands of the state, and does not confer any proprietorship in the lands themselves, the state would have the right to revoke the license at any time, and would be justified in doing so if it should appear that there was unnecessary delay on the part of the corporation in availing itself of the privilege, but unless the state makes the objection, the privilege cannot be declared forfeited at the instance of any other person. Upon the organization of a railroad corporation, it makes a selection of the route over which it intends to construct its road, and, in making such selection, ordinary prudence would dictate that it should include the entire route over which its road would ultimately be constructed. Necessarily, some time must elapse before the road can be completed, and circumstances may arise during the process of its construction which will render a delay or suspension of work not only prudent, but even necessary. Such delay or suspension will not of itself work a forfeiture of any privilege which the state may have granted, unless the statute under which it was granted expressly so provides, as has been done in the case of street railroads. (Civ. Code, sec. 502.) And it is a well-recognized rule that when only the right to the forfeiture of a corporate privilege or of a franchise exists, it can be invoked only at the instance of the state. (See *Western Railroad Company's Appeal*, 104 Pa. St. 399.)

The judgment and order denying a new trial are reversed.

PATERSON, J., and GAROUTTE, J., concurred.

Hearing in Bank denied.