[Civ. No. 2606.   Fourth Appellate District.—March 14, 1941.]

LAURA VINCENT COMPANY (a Corporation), Respondent, v. THE CITY OF SELMA (a Municipal Corporation) et al., Appellants.

Chester E. Shepard and Arthur C. Shepard for Appellants.

Harold M. Child, David Peckinpah and L. N. Barber for Respondent.

BARNARD, P. J.—This is an action for an injunction to prevent the enforcement of an ordinance regulating the erection and maintenance of awnings and marquees within the business district of the defendant city.

The plaintiff is the owner of certain buildings in the business district of Selma which have overhead coverings projecting over the sidewalk from the buildings to the vertical plane of the curb line. These coverings consist of sheets of corrugated iron resting on a wooden framework which is supported by steel or iron brackets on the front walls of the buildings. The drainage from these coverings is directly on the outer or street edge of the sidewalk. The brackets supporting said coverings are attached to the wall of the buildings at a point approximately 7 feet 3 inches above the level of the sidewalk and rising to a distance of 8 feet or more from the sidewalk at a distance of about 2 feet from the wall of the building. The tops of the coverings have a slope or departure from the horizontal plane of 3 feet.

While this action was pending the city council of the defendant city passed a new ordinance, No. 326, regulating the construction and maintenance of awnings and marquees, and notified the plaintiff that it was violating this ordinance and that it was required to remove said coverings or eliminate such violations within five days. These facts were set up in a supplemental answer.

Ordinance No. 326 defines an awning as any overhead covering over a sidewalk or street, except a marquee, and defines a marquee as any such covering which complies with the requirements for a marquee as set forth in the ordinance. It requires all awnings to be of the folding type which can be folded back within 2 feet of the building, and provides that

the lowest portion of the framework of an awning must be not less than 7 feet above the sidewalk. With respect to a marquee, so far as material here, it requires that the lowest part of the support thereof must be not less than 8 feet from the sidewalk, that the marquee shall not extend closer than 1 foot to the vertical plane of the street curb line, that the "horizontal surface of a marquee shall not vary from the horizontal plane more than one foot", and that the marquee must be so designed as to provide gutters to carry all rain water through a conduit to within 4 inches of the building and thence underneath the surface of the sidewalk to the street gutter. It is further provided that no awning or marquee shall be either erected or maintained within the business district unless it complies in all respects with the requirements of this ordinance, and unless a written permit is issued therefor by the city clerk.

After a trial on the issues the court found that the coverings thus maintained by the plaintiff complied with the ordinance in force at the time they were constructed, that they are securely built and do not interfere with public travel upon the street or sidewalk, and that their removal would result in great injury to the plaintiff. It was found that plaintiff's coverings are marquees as the same are defined by Ordinance No. 326 and that said coverings comply with that ordinance except in four particulars, to wit: (1) that said coverings extend to the vertical plane of the sidewalk curb and are therefore a foot longer than allowed by the ordinance; (2) that the steel beams supporting the same are attached to the building at a height of 7 feet 3 inches from the level of the sidewalk although they rise to a distance of 8 feet or more from the sidewalk at a distance of about 2 feet from the wall of the building; (3) that the surface of the said coverings vary approximately 3 feet from the horizontal plane; (4) that there are no gutters for the purpose of carrying off rain water.

The court further found that the first and fourth of these defects constitute violations of reasonable provisions of this ordinance. With respect to the second defect, it was found that it was unreasonable to require the small portion of the supports of these coverings which are less than 8 feet from the sidewalk to be removed, and with respect to the third defect that the provision of the ordinance that the horizontal

surface of a marquee shall not vary from the horizontal plane more than 1 foot, is arbitrary, unreasonable and discriminatory in so far as it applies to a structure which was lawfully constructed and existing at the time of the adoption of the ordinance. A judgment was entered restraining the defendants from removing or interfering with the coverings thus maintained by the plaintiff, with the provision that the defendants might move to discharge this injunction unless the plaintiff, within thirty days after the judgment becomes final, shall remove that portion of the coverings which is within 1 foot of the vertical plane of the sidewalk and shall construct sufficient gutters to carry all rain water from said coverings through a conduit to within 4 inches of the building and thence underneath the surface of the sidewalk to the street gutter. From this judgment the defendants have appealed.

A city council has broad general powers with respect to maintaining streets and sidewalks for the use of the public, prohibiting and preventing encroachments upon or obstructions in or to such sidewalks and streets, and providing for the removal of any such obstructions. (Deering's Gen. Laws, [1937] Act 5233, secs. 862, 862.5, and 862.20.) It is also well settled that any regulation designed to carry out this power must have a just relation to the object in view and have a reasonable tendency to preserve or protect the public safety or convenience. (*In re Mathews*, 191 Cal. 35 [214 Pac. 981].) A right to maintain an obstruction in a street cannot be acquired by prescription. (*Ex parte Taylor*, 87 Cal. 91 [25 Pac. 258].) Whether the thing in question in fact constitutes an obstruction or an encroachment is, in the first instance, a matter to be decided by the city council and its decision will not be upset by the courts in the absence of fraud, oppression or a manifest abuse of discretion. (*Vanderhurst* v. *Tholcke*, 113 Cal. 147 [45 Pac. 266, 35 L. R. A. 267].) The general rule is thus set forth in 44 Corpus Juris, 950, section 3720:

"Apart from legislative or municipal authorization, no person can lawfully maintain an awning or a canopy over a sidewalk, and where an awning is erected without such authority, it is a public nuisance whether it materially interferes with public travel or not. The legislature may, however, delegate to the municipal authorities the power to per-

mit the erection of awnings or canopies, and it would seem that they may grant such permits under their general power to regulate and control the streets, but such a grant is not justified if it will result in a public nuisance or injury to an adjoining owner, or if the awning is of a permanent character. On the other hand, the municipality may prohibit such encroachments on the street. Such a prohibition is not necessarily invalid, as being special in character, because it is limited in its operation to a portion of the city only.''

The appellants contend that the powers of the city council are absolute in such matters as these if there is any foundation of reason for the action taken, that in the instant case the trial court substituted its judgment for that of the legislative department of the city with respect to the reasonableness of these regulations, and that the trial court entirely ignored the requirements of this ordinance providing that an awning or marquee could only be erected or maintained after securing a written permit from the city clerk. On the other hand, the respondent, while conceding the right of a city to order the removal of any structure which actually interferes with the public use of a street, maintains that when a municipality chooses to regulate structures of this nature, rather than to prohibit them altogether, the regulations enacted must bear a reasonable relation to the public use of the highway; that the obstruction here in question constituted only a trivial interference with any possible use of the street by the public; that the regulations of this ordinance which are material here could only have been for the purpose of eliminating a ''relatively unimportant fire hazard''; that the court provided for the elimination of the only two defects which have any relation to a possible interference with the use of the public highway; and that the court correctly held that the other two defects need not be cured since they were trivial and had no reasonable relation to the object sought to be accomplished by the ordinance.

The coverings here in question are awnings as defined by this ordinance since they are overhead coverings which do not comply with the requirements of a marquee, as defined therein. Obviously, they cannot be so remodeled as to comply with the requirements for awnings as set forth in the ordinance. On the other hand, they can be remodeled so as to become marquees under the requirements therefor contained

in the ordinance. This can be done by curing the four existing defects above noted. The court ordered the respondent to cure two of these defects and if that is done the appellants are in no position to complain with respect to those particular matters.

The court, however, held that the requirement that no part of the support for such a marquee should be less than 8 feet from the sidewalk was unreasonable, as applied to these existing structures. This provision, as to the height at which a permanent and immovable obstruction would be permitted to exist over a sidewalk in a business district, bears a reasonable relation to the public use of the highway and the prevention of obstructions which might interfere with that use. It was a matter within the province of the city council and its decision cannot be set aside unless an abuse of this discretion and power clearly appears. No such abuse appears here, and we think the court erred in holding that that requirement was unreasonable and discriminatory. The only possible discrimination would be in the fact that the ordinance permits awnings, as therein defined, to be erected where the supports thereof are not less than 7 feet from the sidewalk. We think, however, that a reasonable difference in classification may be made between coverings over a sidewalk which are movable, and designed and intended to be frequently moved, and coverings which are permanent and immovable.

We see no error in the court's finding that the third defect in this structure, the fact that its surface varies approximately 3 feet from the horizontal plane, was unreasonable and unenforceable as to these existing structures. While such a structure, extending over the sidewalk at a height of at least 8 feet, might at times interfere with the public use of the street this would be equally true whether the slope of the upper surface thereof was 1 foot or 3 feet. And where a city has permitted such an encroachment to exist there is nothing in the particular angle which results in a slope of 1 foot, rather than one of 3 feet, which bears any reasonable relation to the public use of that highway.

With respect to the appellants' contention that the respondent failed to ask for a permit, that requirement was not adopted until many years after this structure was erected and until after this action was brought, and the defense inter-

479

posed discloses that it would have been an idle act for the respondent to have asked for such a permit. Moreover, under the terms of the ordinance, it would be the duty of the clerk to issue a permit if and when the respondent complies with the valid provisions of the ordinance and, under such circumstances, the issuance of a permit would be a mere matter of form. The respondent will be in a position to apply for such a permit when and if it complies with the terms of the ordinance as governed by the final judgment in this action and, under the circumstances here appearing, the failure of the trial court to specifically require the respondent to apply for a permit, after such action became possible, is not reversible error. The real controversy is as to the conditions on which the respondent will be entitled to demand a permit.

The judgment is reversed, with directions to the trial court to add to that portion of the judgment which requires the respondent to do certain things as a condition of the injunction becoming permanent, a further requirement that within the time named the respondent raise or alter the brackets which support its said covering to the extent that no part of said supports shall be nearer than 8 feet to the sidewalk. Each party to pay its own costs.

Marks, J., and Griffin, J., concurred.