[Civ. No. 15885.   First Dist., Div. Two.   July 6, 1954.]

DONLAN J. ARQUES, Appellant, v. CITY OF SAUSALITO et al., Defendants and Respondents; THE PEOPLE, Intervener and Respondent.

[Civ. No. 15886.   First Dist., Div. Two.   July 6, 1954.]

DONLAN J. ARQUES, Appellant, v. G. W. THOMAS DRAYAGE AND RIGGING COMPANY, INC., (a Corporation) et al., Defendants and Respondents.

Wallace S. Myers for Appellant.

John B. Ehlen for Defendants and Respondents.

Edmund G. Brown, Attorney General, and Miriam E. Wolff, Deputy Attorney General, for Intervener and Respondent.

DOOLING, J.—Appellant is the owner of Lot 200 as laid out by the Tide Land Commission of the State of California in 1872, as shown on a map prepared by said commission and recorded in Marin County in Book 2 of Maps, page 32. The southerly line of said Lot 200 is the northerly line of Johnson Street as laid out by said Tide Land Commission. Lot 200 and Johnson Street as so laid out are a part of the submerged tidelands located in Richardson Bay and are within the city limits of respondent, city of Sausalito. The tidelands covered by said map were laid out in lots and streets by said Tide Land Commission and the lots sold by the State of California pursuant to the authorization of Statutes of 1867-68, page 716, as amended by Statutes of 1869-70, page 541. Section 4 of Statutes 1867-68 (pp. 717-718) authorized the Tide Land Commissioners to prepare maps of said lands "reserving so much thereof for streets . . . as in their judgment may be required. . . ."

For many years there has been a wharf or pier located on a part of Johnson Street which gives access to Lot 200. Appellant's father and predecessor in title in 1923 attached

to the wharf a water line which supplies a fire hydrant located on said wharf. The respondent city has paid the water bill and serviced this hydrant for at least 28 years.

The fire chief of Sausalito reported to the city council that by reason of the storage on the wharf of certain beams and a steam hammer by appellant access to the fire hydrant was obstructed; and the city council, after appellant had refused their demand that he remove them, removed these objects from the wharf.

Appellant commenced one action to quiet title to the area occupied by the wharf and to enjoin the city from interfering with his occupancy and use thereof, and a second action for damages to the steam hammer and its loss of use. The State of California intervened in the first action asserting its title to Johnson Street and alleging that the city had an easement therein for a public street. The trial court held that the state has title to Johnson Street in fee simple, that the city has an easement thereover for street purposes; that appellant has no title or interest therein except an easement for access to Lot 200 and enjoined appellant from storing any property on or obstructing access to the wharf. In the second action appellant was denied any damages.

Since the State of California, through its Tide Land Commissioners duly authorized by statute, laid out Johnson Street as a public street it is difficult to see how appellant can claim any right or title thereto or to the wharf constructed thereon. Not only does the fee simple in this land remain in the state but the wharf constructed thereon has become the state's property. (*Yokohama Specie Bank* v. *Higashi,* 56 Cal.App.2d 709, 712 [133 P.2d 487] quoting *Oakland* v. *E. K. Wood Lbr. Co.,* 211 Cal. 16, 23 [292 P. 1076, 80 A.L.R. 379].) No rights therein could be acquired by appellant or his predecessors by adverse possession against the state. (*People* v. *Chambers,* 37 Cal.2d 552, 556-557 [233 P.2d 557] ; *Patton* v. *City of Los Angeles,* 169 Cal. 521, 527 et seq. [147 P. 141].) The appellant's full rights to use this public street for ingress to and egress from Lot 200 are recognized and protected by the decree and those rights are the only ones which were acquired by him and his predecessors from the state.

Sausalito was incorporated as a municipal corporation in 1893; on July 12, 1894, its city council adopted Ordinance No. 29 which recited that "the Town of Sausalito does not accept the said streets, except as to their surveys, names and widths"; and in 1899 the city council adopted Ordinance No.

97 accepting all streets theretofore offered for dedication by their owners. From these facts appellant argues that the city did not accept the state's offer of dedication within a reasonable time. (9 Cal.Jur. p. 56.) Appellant mistakes the rule applicable to the situation here presented. ■ When the state, through its Tide Land Commissioners, laid out Johnson Street on a duly authorized and recorded map its dedication as a public street was complete and required no acceptance. The effect of such a public dedication of the state's own land by the Tide Land Commissioners was considered by the U. S. Court of Appeals for the Ninth Circuit in *State of California* v. *United States*, 169 F.2d 914. At page 921 that court said: "Several well-reasoned decisions of the Supreme Court of California . . . have definitely established that when a formal dedication of a street is made by the State or by a municipality, no acceptance is necessary." The California cases cited therein fully support this statement.

Appellant cites 18 California Jurisprudence, page 1029, for the rule that "A municipal corporation . . . as such, has no proprietary interest or riparian rights in ordinary tidelands situate within its corporate limits. And where no title to such lands appears to have passed from the state, the municipal corporation cannot enjoin acts of a railroad company in driving piles for the construction of a wharf upon such lands. . . ." The passage cites *City of San Pedro* v. *Southern Pac. Co.*, 101 Cal. 333 [35 P. 993]. In the particular case the railroad company was acting under permission of the surveyor general granted pursuant to statutory authority and the portion of the tidelands involved had not been dedicated by the state as a public street. The case is not in point. In the case before us the land in question has been dedicated by the state as a public street at all times since 1872. ■ The prohibition in article XV, section 3 of the Constitution of 1879 prohibiting the further subdivision and sale of tidelands could not affect this completed dedication. Upon its incorporation in 1893 Sausalito became "but a department of the State organized for the more convenient administration of certain powers belonging to the State, and such corporations, in the management and control over streets . . . within their limits, and in actions for the vindication and preservation of the public rights therein, exercise a part of the sovereignty of the State." (*People* v. *Holladay*, 93 Cal. 241, 248 [29 P. 54, 27 Am.St.Rep. 186]; *Laura Vincent Co.* v. *City of Selma*, 43 Cal.App.2d 473, 476 [111 P.2d 17]; 7 Mc-

Quillen, Municipal Corporations, 3d ed., p. 578.) It may also be noticed that in this very action, in which the state is a party by intervention, the rights of the city have been adjudicated and the state has not only not attacked this judgment but has filed a brief in its support.

Finally the appellant argues, without citation of supporting authority, that even though this wharf is a part of a public street citizens have the right to park automobiles and place property on public streets for various purposes. "The primary purpose of a highway is the passing and repassing of the public, which is entitled . . . to the full, unobstructed and uninterrupted enjoyment of the entire width of the layout for that purpose." (*In re Bodkin,* 86 Cal.App.2d 208, 210 [194 P.2d 588].) While property may be temporarily left in a public street as an incident of loading and unloading (*Fisher* v. *Los Angeles Pac. Co.,* 21 Cal.App. 677 [132 P. 767]) it is not to be made a permanent storage place for personal property (*Western States etc. Co.* v. *Bayside L. Co.,* 182 Cal. 140, 144-145 [187 P. 735]). The wharf here in question is limited in area and the court was well justified in enjoining the "placing, keeping or storing . . . articles or materials of any kind, nature or description" thereon.

What we have said disposes of the appeal in the action for damages. After appellant refused to remove his steam hammer from the wharf the city had it removed and placed alongside a public street in the vicinity. The city had a right to remove this property which was an obstruction to a public street. Appellant let it lie where it was placed for approximately two years. He had the right to move and store it in any place where he might lawfully do so and he apparently chose not to exercise this right. If it suffered damage from its exposure by the side of a public thoroughfare appellant was at all times in a position to prevent it.

Judgments affirmed.

Nourse, P. J., and Kaufman, J., concurred.