[Civ. No. 2836. Fifth Dist. Oct. 4, 1976.]

LEONARD LEON FINDLEY, Plaintiff and Appellant, v.
THE JUSTICE COURT FOR THE KERN RIVER JUDICIAL
DISTRICT OF KERN COUNTY, Defendant and Respondent;
THE PEOPLE, Real Party in Interest and Respondent.

Vizzard, Baker, Sullivan & McFarland and Allan H. McFarland for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, W. Scott Thorpe and Nancy L. Sweet, Deputy Attorneys General, for Real Party in Interest and Respondent.

## OPINION

**GARGANO, J.**—By a criminal complaint filed in the Justice Court for the Mojave Judicial District of Kern County, plaintiff was charged with throwing a rock at a vehicle in violation of subdivision (a) of section 23110 of the Vehicle Code.[1] Thereafter, the complaint was transferred to the Justice Court for the Kern River Judicial District of Kern County, and plaintiff moved for a dismissal; his motion was denied. Then plaintiff petitioned the Superior Court of Kern County for a writ of prohibition; he alleged as he did in the justice court, that subdivision (a)

---

[1]Subdivision (a) of section 23110 of the Vehicle Code states:

"Any person who throws any substance at a vehicle or any occupant thereof on a highway is guilty of a misdemeanor."

of section 23110 of the Vehicle Code was unconstitutional because it was impermissibly vague, overbroad and, in substance, in excess of the state's police power. Plaintiff's petition was denied, and he has appealed to this court raising the same contentions he made in the courts below.

■ We begin, as we must, with the underlying fundamental principle that all citizens of a free state must be informed as to what the state commands or forbids and that no one should be required, at peril of life, liberty or property, to speculate as to the meaning of the state's penal statutes. (*Lanzetta* v. *New Jersey* (1939) 306 U.S. 451, 453 [83 L.Ed. 888, 890, 59 S.Ct. 618, 619].) Fundamental fairness alone requires that no man be held criminally responsible for conduct he could not reasonably understand to be proscribed. (*United States* v. *Harriss* (1954) 347 U.S. 612, 617 [98 L.Ed. 989, 996, 74 S.Ct. 808, 812].) ■ Thus, a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must guess at its meaning and could differ as to its application, does not give fair notice as to the forbidden conduct and lacks the first essential of due process of law. (*Connally* v. *General Construction Co.* (1926) 269 U.S. 385, 391 [70 L.Ed. 322, 328, 46 S.Ct. 126, 127]; *People* v. *McCaughan* (1957) 49 Cal.2d 409, 414 [317 P.2d 974].)

■ Nevertheless, a statute must be upheld unless its unconstitutionality clearly, positively and unmistakably appears; all presumptions favor the validity of a statute and a mere doubt does not afford sufficient reason for a judicial declaration of invalidity. (*In re Dennis M.* (1969) 70 Cal.2d 444, 453 [75 Cal.Rptr. 1, 450 P.2d 296]; *Lockheed Aircraft Corp.* v. *Superior Court* (1946) 28 Cal.2d 481, 484 [171 P.2d 21, 166 A.L.R. 701].) Accordingly, statutes are not automatically invalidated as impermissibly vague simply because difficulty is found in determining whether certain marginal offenses fall within their language. (*United States* v. *National Dairy Corp.* (1963) 372 U.S. 29, 32 [9 L.Ed.2d 561, 565, 83 S.Ct. 594, 597].) Nor does the mere fact that a statute may appear to be stringent and harsh necessarily mean that it is unconstitutionally vague. (See *Barsky* v. *Board of Regents* (1954) 347 U.S. 442, 448 [98 L.Ed. 829, 837-838, 74 S.Ct. 650, 654].)

■ As tested by these standards, the challenged statute is not impermissibly vague. A "vehicle" is defined in the Vehicle Code as ". . . a device by which any person or property may be propelled, moved, or drawn upon a highway, excepting a device moved exclusively by human

power or used exclusively upon stationary rails or tracks." (Veh. Code, § 670.) The term "highway" includes a "street" and, with two exceptions not pertinent to this appeal, means ". . . a way or place of whatever nature, publicly maintained and open to the use of the public for the purposes of vehicular travel." (Veh. Code, §§ 360, 590.) According to lexicographers, a "substance" is "a distinguishable kind of physical matter." (Webster's New Internat. Dict. (3d ed. 1961) p. 2279.) Simply stated, the statute proscribes the throwing of any physical matter at any automobile, truck, motorcycle or similar type of vehicle while it is moving or parked on a highway or street publicly maintained and open to the use of the public for the purposes of vehicular travel.

We also quickly dispose of plaintiff's contention that subdivision (a) of section 23110 of the Vehicle Code is overbroad. Under the doctrine of "overbroadness" no statute may be drawn in such a way as to inhibit the exercise of individual freedoms affirmatively protected by the Constitution. (*Grayned* v. *City of Rockford* (1972) 408 U.S. 104, 114 [33 L.Ed.2d 222, 231, 92 S.Ct. 2294, 2302]; *Zwickler* v. *Koota* (1967) 389 U.S. 241, 250 [19 L.Ed.2d 444, 451, 88 S.Ct. 391, 396]; see *Cramp* v. *Bd. of Public Instruction* (1961) 368 U.S. 278, 287 [7 L.Ed.2d 285, 292, 82 S.Ct. 275, 281].) Albeit plaintiff cites numerous activities he asserts the statute proscribes (for example, a person throwing rice at a vehicle containing newlyweds, and a person tossing a bucket of water at a vehicle while washing the vehicle on a public street), none is constitutionally protected.

What plaintiff really is arguing is that the statute is in excess of the state's police power because it embraces within its perimeters traditionally innocent conduct. We shall address our remaining remarks to this subject.

The police power of the state finds its genesis in the state's inherent power to govern; it is this inherent power which subjects the citizens of the state to reasonable regulation for the general welfare of society. (*In re Rameriz* (1924) 193 Cal. 633, 649-650 [226 P. 914, 34 A.L.R. 51]; see 5 Witkin, Summary of Cal. Law (8th ed. 1974) Constitutional Law, § 435, p. 3734.) While the power of the state to enact laws to protect the safety, health, morals and general welfare of its citizens is broad and flexible, such laws cannot be unduly oppressive upon the individual (*In re Schuler* (1914) 167 Cal. 282, 286 [139 P. 685]); to justify interference with the rights of the individual it must appear that the interference was required by the public interest and that the means are reasonably necessary for the accomplishment of that purpose

(*Goldblatt* v. *Hempstead* (1962) 369 U.S. 590, 594-595 [8 L.Ed.2d 130, 133-135, 82 S.Ct. 987, 990]). It is primarily for these reasons that the state cannot proscribe entirely innocent activity, except insofar as may be incidentally necessary for the accomplishment of some paramount object concerning the public welfare. (See 16 Am.Jur.2d (1964) Constitutional Law, § 288, pp. 560-561.)

The regulation of public highways by the state not only falls within the ambit of the general police power, but the state has a substantial state and public interest in its highways to protect. Highways are constructed and maintained for the benefit of members of the public, who have an inalienable right to use them in a reasonable manner without obstruction and interruption. (*Escobedo* v. *State of California* (1950) 35 Cal.2d 870, 875-876 [222 P.2d 1]; *Arques* v. *City of Sausalito* (1954) 126 Cal.App.2d 403, 407 [272 P.2d 58].) It follows that the state's police power in this area is very broad and flexible, and that in enacting rules and regulations governing the use of highways, it may proscribe traditionally innocent conduct if the rules are reasonable and do not unduly impinge on the inalienable right of the traveling public to use the highways. ▮ When a law or regulation is adopted affecting a public highway, the question to be resolved is not necessarily whether it prohibits traditionally innocent conduct; it is whether the regulation is a reasonable exercise of the state's power to regulate the highways, or whether it is an attempt on the part of the state to abridge fundamental constitutional rights in the guise of a highway regulation.

▮ Turning to subdivision (a) of section 23110 of the Vehicle Code with these principles in mind, it is obvious that the Legislature enacted this law in an all-out effort to safeguard the traveling public and to protect the integrity of vehicles. Accordingly, as we interpret the law, it merely bars the throwing of any substance at a vehicle while it is moving along or is parked on a highway or a street, which could distract the driver, or result in his injury or in an injury to any occupant, or do some mischief to the vehicle itself. In other words, the paramount purpose of the statute in question is in furtherance of the rights of citizens to use the state's highways in safety without obstruction or interruption, and, hence, it is a reasonable regulation in an area in which the state has broad and flexible power; the fact that it incidentally prohibits traditionally innocent activity does not of itself render the statute invalid.

Returning to plaintiff's arguments, it is irrational to believe that the statute in question prohibits the owner of an automobile from tossing the

keys of his car to a person who is sitting inside of the vehicle, as plaintiff asserts. Nor do we believe that the law was designed to prohibit members of a wedding party from tossing rice at a bride and groom as they are about to enter a parked vehicle. To hold that subdivision (a) of section 23110 of the Vehicle Code proscribes such innocuous conduct which in no way impinges upon the paramount purpose for which the statute was enacted flies in the face of the doctrine of reasonable construction.

We are mindful of the fact that the statute in question technically can be interpreted in such a way as to prohibit the activities suggested by plaintiff and that there is authority to the effect that the state's inherent power to enact statutes pertaining to the public's right to travel on highways without obstruction or interference is limited to the promotion of that use and cannot extend beyond what is necessary to facilitate travel. (See 25 Cal.Jur.2d (1955) Highways and Streets, § 238, p. 125.) ▪ We also are mindful of the general rule that a judicial body cannot read anything into a statute in order to save it from an unconstitutional defect. (See 13 Cal.Jur.3d (1974) Constitutional Law, § 74, pp. 138-139.) Nevertheless, an exception to this general rule is made when the judicial construction merely relieves the statute from being applied in an absurd manner and is necessary to prevent an otherwise reasonable and valid law from becoming a nullity. (See 73 Am.Jur.2d (1974) Statutes, § 203, p. 398.)

▪ In this case, plaintiff was charged with throwing a rock at a vehicle, and this conduct squarely falls within the perimeters of the statute. ▪ It is the salutary rule that a person to whom a statute is constitutionally applied in conformity with its obvious purpose may not be heard to challenge its constitutionality on the ground that, conceivably, it might be applied in an unreasonable and absurd manner as to others. (*Broadrick* v. *Oklahoma* (1973) 413 U.S. 601, 610-611 [37 L.Ed.2d 830, 838-839, 93 S.Ct. 2908, 2915].)

The judgment is affirmed.

Brown (G. A.), P. J., and Franson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 2, 1976.