Opinion
ROTHMAN, J.
Defendant was charged with carrying, concealed within a vehicle, a .25 caliber automatic pistol in violation of Penal Code section 12025 (count I); carrying a concealed weapon on his person in violation of subdivision (b) Penal Code section 12025 (count II); *Supp. 4 and carrying a loaded firearm on his person and in a vehicle in a public place and on a public street in violation of “vehicle code” (meaning Penal Code) section 12031 (count III).[1]
The cause was submitted on a written stipulation that defendant possessed a loaded .25 caliber automatic pistol on the floorboard of his taxicab, which cab he was operating under a lease he secured that evening from Speedy Cab Company. Defendant carried the weapon for protection while operating the taxicab, and had no license to carry it. The court found defendant guilty on all counts, and imposed a probationary sentence.
Defendant appeals the conviction, asserting the same issue he presented to the trial court: that he was entitled to keep the pistol in his “place of business”—his taxicab—under the provisions of Penal Code section 12031, subdivision (h). We agree with defendant’s contention and reverse the conviction.
Discussion
The charges involved in this case are part of the statutory scheme contained within a chapter of the Penal Code known as “The Dangerous Weapons’ Control Law.”

Penal Code Section 12025; Carrying a Concealed Pistol (Counts I and II).

Subdivision (a) of Penal Code section 12025 states: “Except as otherwise provided in this chapter, any person who carries concealed within any vehicle which is under his control or direction any pistol ... is guilty of a misdemeanor .. ..” (Italics added.)
Subdivision (b) of Penal Code section 12025 provides: “Any person who carries concealed upon his person any pistol ... is guilty of a misdemeanor .... ” No exception is provided for this prohibition within the language of the section itself.
*Supp. 5 However, Penal Code section 12026 contains this general exception to all provisions of section 12025: “Section 12025 shall not be construed to prohibit any citizen of the United States over the age of 18 years ... from owning, possessing, or keeping within his place of residence or place of business any pistol ... and no permit or license ... shall be required of him.” (Italics added.)

Penal Code Section 12031, Carrying a Loaded Pistol (Count III).

Subdivision (a) of Penal Code section 12031 provides: “(a) ... every person who carries a loaded firearm on his person or in a vehicle while in any public place or on any public street ... is guilty of a misdemeanor.”
Subdivisions (b), (c) and (d) contain exceptions to subdivision (a) which are not relevant here. Subdivisions (e) (f) and (g) contain a variety of provisions unrelated to our issue. Subdivision (h) contains this general exception: “Nothing in this section shall prevent any person engaged in any lawful business, ... from having a loaded firearm within such person’s place of business, ...” (Italics added.)
With respect to the charge in count II, Penal Code section 12025, subdivision (b), the offense of carrying a concealed weapon on his person, we can find no evidence in this record to support this charge. The sole evidence referred to the weapon being in the vehicle and not on his person. The conviction on count II must be reversed.
As to counts I and III, we are presented with this question on appeal: Does the “place of business” exception within Penal Code section 12026 and Penal Code Section 12031 subdivision (h) include a taxicab?
In any ordinary sense the taxicab here is as much a place of business as a store in a fixed location. This is where the cab driver worked and collected his fees. The driver had no other business location which the cab served to facilitate, such as a store’s delivery truck, where the truck is not the location of the enterprise, but merely the means to facilitate the store’s business.
The obvious purpose of the “place of business” exception in these code sections is recognition of the need of business operators to protect their property.
*Supp. 6 The term “place of business” has no set or established meaning in California case or code law.[2] Importing into these words the limitation of a fixed geographic location is unsupported in the law. In California’s highly mobile culture many business enterprises have no fixed geographic location. Even such staid institutions as banks often use mobile facilities.
A claim that our interpretation of the meaning of these statutes would present endless problems to law enforcement or grossly proliferate public possession of guns because of California’s many and varied mobile places of business, ought to properly be addressed to the Legislature. While we, as citizens, deplore the ominous growth in handgun possession in our society, this deep concern is not the proper focus of judges duty-bound to ascertain what these laws mean and how they must be applied in a specific criminal case. Had the Legislature intended to limit the “place of business” exception to fixed geographic locations, or had it intended to exclude vehicles from the compass of the words “place of business,” it could easily have done so. We do not perceive that our function here is to pass a law making illegal conduct which we personally deplore.
The Illinois case of People v. Cosby (1969) 118 Ill.App.2d 169 [255 N.E.2d 54], illustrates how simply a law can be written to avoid our problem. There the court held that the possession of a gun in a taxicab was not authorized under an Illinois statute which only exempted carrying a weapon “when on his land or in his own abode or fixed place of business ....” (Italics added, id. at p. 55.) The court, quite sensibly, held that a taxicab is not a “fixed place of business.” In California the Legislature did not choose to so limit the place of business exception. Subdivision (a) of Penal Code section 12025 prohibits carrying a concealed weapon in any vehicle “except as otherwise provided.” Subdivision (b) of the same law prohibits carrying the weapon concealed on the person. Yet Penal Code section 12026 provides that “Section 12025 shall not be construed to prohibit any citizen ... from owning, possessing, or keeping within his ... place of business any pistol .... ” This same broad language is used in Penal Code section 12031, subdivision (a), which refers to carrying “in a vehicle.” However, subdivision (h) says “nothing” in section 12031 is to be construed to prevent having the weapon in a “place of business.”
*Supp. 7 The only authorities directly on point are in other jurisdictions and go in both directions. For example, in People v. Santiago (1971) 74 Misc.2d 10 [343 N.Y.S.2d 805], the court held that “place of business” included a taxicab, whereas in People v. Brooks (1978) 87 Mich.App. 515 [275 N.W.2d 26], the court held it did not.
The principle of statutory construction that code provisions must be “construed according to the fair import of their terms, with a view to effect its [the code’s] objects and to promote justice” (Pen. Code, § 4), is also of no particular help. Although the general purpose of the Weapons’ Control Law is to control the threat to public safety in the indiscriminate possession and carryiñg about of concealed and loaded weapons, the express exception, to allow business persons to protect their property, must also be given effect. We cannot choose to give heed to one legislative purpose, so as to achieve the laudable social end of stronger gun control, and yet ignore the plain intent of a legislative purpose embodied in the exceptions. Furthermore, the legislative purpose which allows business people to possess weapons to protect their property is as important to taxicab operators as it is to business persons in fixed geographic locations. The possible danger to the public posed by cab drivers with guns is no more grave than that posed by armed retail store operators. We can perceive no sound or obvious reason which would warrant our reading into this law a distinction which it plainly does not now contain.
Since Penal Code sections 12025 and 12031 prohibit the “carrying” of a concealed or loaded pistol, and the exceptions permit “owning, possessing, or keeping” (Pen. Code § 12026). and the “having” of the weapon (Pen. Code § 12031, subd. (h)) in a place of business—the dissent argues that “carrying” is always prohibited—even in a place of business. The argument goes that since the cab is moving around, the cab driver is “carrying” the weapon even when not on his person, and therefore such conduct would never fit the exception which limits one to “having” the weapon. This passive-active verb distinction is discussed in People v. Overturf (1976) 64 Cal.App.3d Supp. 1, 6 [134 Cal.Rptr. 769], where this court held that “having” and “carrying” were not synonymous. We do not believe that the distinction is apt in the instant situation. The exceptions to the “carrying” of a gun on a person or in a vehicle, are, as already noted, broadly phrased, and plainly do not exclude a vehicle within the contemplation of a “place of business.”
*Supp. 8 We cannot ignore this well settled rule of construction: “[A] defendant is ordinarily entitled to that construction most favorable to him.” (Bowland v. Municipal Court (1976) 18 Cal.3d 479, 488 [134 Cal.Rptr. 630, 556 P.2d 1081], and see People v. Lampasona (1977) 71 Cal.App.3d 884, 887 [139 Cal.Rptr. 682].)
In reaching any interpretive conclusions we are obliged to construe these statutes, “if their language permits, as to render them valid and constitutional rather than invalid and unconstitutional. ... ” (Erlich v. Municipal Court (1961) 55 Cal.2d 553, 558 [11 Cal.Rptr. 758, 360 P.2d 334].) Statutes which forbid acts in language so vague that people “‘... of common intelligence must necessarily guess at its meaning and diEer as to its application, violates the first essential of due process of law.’” (People v. Barksdale (1972) 8 Cal.3d 320, 327 [105 Cal.Rptr. 1, 503 P.2d 257].) Were we to hold in this case that Marotta is criminally responsible, significant issues of unconstitutionality for vagueness and uncertainty would arise. In People v. Apodaca (1978) 76 Cal.App.3d 479, 486 [142 Cal.Rptr. 830], the court made the point in this clear language: “It is fundamental that all citizens of a free state must be informed as to what the state commands or forbids, and that no one should be required at peril of life, liberty or property to speculate as to the meaning of the state’s penal statutes. (Lanzetta v. New Jersey (1939) 306 U.S. 451, 453...; Findley v. Justice Court (1976) 62 Cal.App.3d 566, 570 .. .); fairness alone requires that no man be held criminally responsible for conduct he could not reasonably understand to be proscribed (United States v. Harriss (1954) 347 U.S. 612, 617 ...). Accordingly, a statute which either forbids or requires the doing of an act in terms so vague that persons of common intelligence must guess at its meaning and could diEer as to its application, does not give fair notice as to the forbidden conduct and lacks an essential ingredient of due process of law. (Conolly v. General Construction Co. (1926) 269 U.S. 385, 391 ...; People v. McCaughan (1957) 49 Cal.2d 409, 414 ....)”
Accordingly, the judgment of conviction is reversed with directions to the trial court to dismiss the charges.
Bernstein, J., concurred.

The complaint erroneously charged a violation of Vehicle Code section 12031. There is no such section. Obviously, the People meant to charge a violation of the Penal Code, since they set out in substance a charge of Penal Code section 12031. Defendant never raised the defect, and received adequate notice of the charge.

Webster’s Unabridged Dictionary, 3d edition, contains numerous meanings for the word “place”: Among them are “an indefinite region or expanse”; “a building or locality used for a special purpose”; and “physical surroundings.”